11-2730-cv
Woodworth v. Shinseki

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DONALD WOODWORTH,

> *Plaintiff-Appellant,*

> -v.-                                                          No. 11-2730-cv

ERIC K. SHINSEKI,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                    STEVEN E. LAPRADE (Christina A. Agola, *on the brief*), Brighton, NY.

**FOR APPELLEE:**                     MONICA J. RICHARDS, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*; Kathryn L. Smith, *of counsel*), Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Donald Woodworth appeals from a judgment granting defendant-appellee Eric Shinseki's motion to dismiss the complaint for failure to state a claim of retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq. See Woodworth v. Shinseki*, No. 10-CV-6630, 2011 WL 2174347 (W.D.N.Y. June 2, 2011). We assume the parties' familiarity with the underlying facts and the procedural history, some of which we briefly reiterate here.

This appeal arises out of complaints brought by Woodworth, a police officer at the Canandaigua Veterans Affairs Medical Center (the "Center"), involving his supervisor, Chief Lawrence H. Schuermann, and other higher-ranking members of the Center's police force. Woodworth's litigation against his employer began in 2008 when he filed a complaint with the Equal Employment Opportunity ("EEO") office of the Veterans Administration ("VA") regarding alleged acts of sex discrimination. In 2009, after the EEO issued a "right-to-sue" letter, he brought suit in federal court against the VA. *See Woodworth v. Dep't of Veterans Affairs*, No. 09-cv-6076 (Feb. 20, 2009 W.D.N.Y.). That suit was dismissed on September 30, 2011. *See id.* Docket No. 20 (Judgment dismissing case, September 30, 2011).

In mid-spring 2010, fifteen months after Woodworth filed his first federal suit and eighteen months after his complaint to the EEO office, Woodworth filed a complaint with the VA's Inspector General ("IG") against Schuermann and Officer Jason Eldridge, another member of the Center's police force, regarding an alleged violation of the Center's identification badge policy. Shortly thereafter, Eldridge allegedly stated to Woodworth that if "he got into trouble over a complaint [Woodworth] filed against him," Eldridge would physically assault Woodworth. This statement was brought to the attention of Schuermann, who evidently took no action against Eldridge for his threat.

Having sought and obtained another right-to-sue letter from the EEO in July 2010, Woodworth filed the instant complaint in November 2010, alleging that Schuermann's failure to discipline Eldridge constituted retaliation against Woodworth for his protected activities.[1] Evidently conceding (correctly) that his 2009 federal suit was "not close enough in [temporal] proximity to plausibly state the element of causation," *Woodworth*, 2011 WL 2174347 at *2, Woodworth argued to the District Court that the alleged retaliation was sparked by his 2010 complaint to the VA regarding the identification badge policy. The District Court, deeming Woodworth's argument "frivolous,"[2] held that he had not proved a causal link between his protected activities and the alleged retaliation and accordingly granted the defendant's motion to dismiss.

On appeal, Woodworth argues that the District Court erred by holding that he had not sufficiently pleaded causation pursuant to Fed. R. Civ. P. 8(a). He argues that the court should have found that the retaliation was triggered by his complaint to the VA, and that in any event his allegation was not based merely on the temporal proximity between his protected activity and the allegedly retaliatory action but also on a demonstrated retaliatory animus borne by Schuermann, which he claims the District Court did not adequately weigh in determining whether he could prove retaliation.[3]

---

[1] Although counsel for Woodworth insists that "[t]he very gravamen of Woodworth's complaint . . . is that following the filing of [the first] lawsuit he was subject to further retaliation," Woodworth lists only one concrete act of retaliation: the decision not to discipline Eldridge. The entirety of appellant's argument is a reiteration of the same insufficient allegation, clothed in a progression of ever-more-inapplicable legal doctrines.

[2] As the District Court shrewdly observed, "Title VII only protects an employee from retaliation for engaging in a protected activity (for example, making the complaint to the EEO office) which relates to discrimination on the basis of race, color, religion, sex or national origin." *Woodworth*, 2011 WL 2174347 at *3; *see Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 436 (2d Cir. 1999) (Title VII "makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." (quotation marks omitted)), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Although not an issue on appeal, we agree with the District Court that it is not at all evident that Title VII applies to the allegations in this case. Specifically, Woodworth does not allege that his 2010 complaint to the IG had anything to do with matters of race, color, religion, sex, or national origin. To the extent he claims it was his complaint to the IG, rather than to the EEO, that caused Schuermann to fail to reprimand Eldridge, Title VII does not provide a remedy. *See Cruz v. Coach Stores*, 202 F.3d 560, 566 (2d Cir. 2000) (protected activity under Title VII is "an action taken to protest or oppose statutorily prohibited discrimination"); *Harper v. Hunter Coll.*, 162 F.3d 1147 (2d Cir. 1998) ("Complaining to one's own employer is not a protected activity under Title VII.").

[3] We do not address Woodworth's separate argument on appeal that Schuermann's personal retaliatory animus against Woodworth can be proved by statements made by Schuermann in July 2010 that high-ranking supervisors had a "history" with Woodworth. This argument was evidently not raised in the District Court, and therefore we decline to

We agree with the District Court—and with Woodworth himself—that the 2008 and 2009 complaints were much too temporally removed to support the inference that Schuermann's failure to discipline Eldridge constituted illegal retaliation against Woodworth for his protected activities. *See, e.g.*, *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) ("Action taken . . . 20 months later suggests, by itself, no causality at all.") (*per curiam*); *Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 447 (2d Cir. 1999) (two year gap between complaint and discharge insufficient to prove causation), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Accordingly, without necessarily commenting on every aspect of the District Court's careful Memorandum and Order of June 2, 2011, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

address it here. *See Hill v. City of New York*, 45 F.3d 653, 663 (2d Cir. 1995) ("As a general rule, appellate courts do not consider issues that were not raised at the district court."). However, even if we were to reach this argument, we would reject it, as the only evidence presented to demonstrate the existence of the supposed "history"—and therefore of a retaliatory animus—is the well-worn and clearly insufficient 2010 incident.